### The District Court of the 1st Judicial District.
### County of Lewis and Clark.

STATE OF MONTANA,
    Plaintiff,                          CAUSE NO. ADC-06-328
vs.                               DECISION
ROBERT RICKMAN,
    Defendant.

On April 18, 2007, the defendant was sentenced to life in the Montana state Prison, with no parole eligibility for fifty-five (55) years, for the offense of Deliberate Homicide, a felony.

On May 6, 2010, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Randi Hood and Joslyn Hunt. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The majority of the Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the majority decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 6th day of May, 2010.

DATED this 26th day of May, 2010.

Chairperson, Hon. Blair Jones and Member, Hon. Ray Dayton.

The Hon. Richard Simonton dissents.

It is Judge Simonton's opinion that the sentence is excessive in light of the defendant's age, the fact that the defendant did not wield the murder weapon, and that the fifty five year parole restriction far exceeds other sentences for similar crimes around the state. A parole restriction of thirty years before the defendant is parole eligible would be sufficient time for the defendant to change and for the result of any change to be observed by the Parole Board. If, at that time, there were no significant change, the Parole Board could deny parole.

Member, Hon. Richard Simonton.